**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

LARRY EUGENE DURRENCE,

    Plaintiff,

v.

CITY OF BRUNSWICK; OFFICER AUSTIN ARMSTRONG; BRUNSWICK MUNICIPAL COURT; SONYA M., D.D.S.; and D.U.I. REDUCTION & DEFENSIVE DRIVING,

    Defendant.

CIVIL ACTION NO.: 2:15-cv-137

## **ORDER**

Plaintiff Larry Eugene Durrence, proceeding *pro se*, filed a complaint against the named Defendants on September 14, 2015. (Doc. 1). Plaintiff contemporaneously filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 2.) Plaintiff's Complaint, filed with this court as a civil action brought pursuant to 28 U.S.C. § 1331, appears to attack a conviction obtained in the Brunswick Municipal Court in Glynn County, Georgia.[1] For the reasons set forth below, the Court **DEFERS** ruling on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and **ORDERS** him to file an amended complaint that complies with the Federal Rules of Civil Procedure within **fourteen (14) days** of the date of this Order.

Through his Application to Proceed in District Court Without Prepaying Fees or Costs, Plaintiff asserts that he is unable to pay the civil filing fee and, therefore, seeks to proceed

---

[1] The relief Plaintiff seeks could potentially fall under 28 U.S.C. § 2254; however, he does not appear to meet the "in custody" requirement of Section 2254(a).

without the prepayment of that fee. (Doc. 3.) Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

2

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Additionally, "[t]he district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute,'" Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "In order to provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction in federal-question cases—civil actions that arise under the Constitution,

laws, or treaties of the United States." Id. (citing 28 U.S.C. § 1331). This Court is unaware of any constitutional provision or federal law that would provide the basis for Plaintiff's Complaint, and, in its current form, Plaintiff's pleadings do not shed any light on this matter.

To the extent that Plaintiff is seeking relief for a state or conviction or sentence under 42 U.S.C. § 1983, the Court forewarns him that such claims may be barred by the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, a state prisoner filed a Section 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction. The Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which requires as an element of the claim that the prior criminal proceeding was terminated in favor of the accused. 512 U.S. at 484. The Supreme Court reasoned:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), <u>a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus</u>, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (emphasis added).

Therefore, for the above stated reasons, the Court **DEFERS** ruling on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (doc. 3) at this time. Plaintiff is **ORDERED** to file an amended complaint **within fourteen (14) days** of the date of his Order. That amended complaint must include sufficient factual matter to establish this Court's federal-question jurisdiction in this case under Section 1331. That amended complaint must also include sufficient factual matter to state a claim to relief that is plausible on its face including information regarding Plaintiff's efforts to exhaust any applicable administrative and state law remedies. If Plaintiff does not amend his Complaint within this time period, the Court may dismiss this action.

**SO ORDERED**, this 3rd day of November, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA