# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

LARRY EUGENE DURRENCE,

    Plaintiff,

v.

CITY OF BRUNSWICK; OFFICER AUSTIN ARMSTRONG; BRUNSWICK MUNICIPAL COURT; SONYA M., D.D.S.; and D.U.I. REDUCTION & DEFENSIVE DRIVING,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-137

## **ORDER and REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's failure to comply with the Court's Order to amend his complaint. (Doc. 5.) For the following reasons, I **RECOMMEND** that Plaintiff's Complaint (doc. 1) be **DISMISSED without prejudice** for Plaintiff's failure to follow this Court's Orders and failure to prosecute. I further **RECOMMEND** that Plaintiff be denied leave to appeal *in forma pauperis*.

## BACKGROUND

Plaintiff Larry Eugene Durrence, proceeding pro se, filed a Complaint against the named Defendants on September 14, 2015. (Doc. 1.) Plaintiff contemporaneously filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 2.) Plaintiff's Complaint, filed with this court as a civil action appears to attack a conviction obtained in the Brunswick Municipal Court in Glynn County, Georgia. On November 3, 2015, the Court issued an Order after conducting a frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 5.) The Court held that it was "unaware of any constitutional provision or federal law that

would provide the basis for Plaintiff's Complaint, and, in its current form, Plaintiff's pleadings do not shed any light on this matter." (Id. at p. 4.) Additionally, the Court forewarned Plaintiff that to the extent that Plaintiff is seeking relief for a state or conviction or sentence under 42 U.S.C. § 1983, such claims may be barred by the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). Id. Accordingly, the Court ordered Plaintiff to amend his Complaint to establish sufficient information for this Court to assess whether it had jurisdiction over Plaintiff's claims and to provide sufficient factual information to state a plausible claim for relief. The Court warned Plaintiff that if he failed to timely amend his Complaint, the Court may dismiss this action. Plaintiff has not taken any action in this case since the Court's Order.

**DISCUSSION**

The Court must now determine how to address Plaintiff's failure to comply with this Court's directive and failure to prosecute this case. For the reasons set forth below, I recommend that the Complaint be dismissed and that Plaintiff be denied leave to appeal *in forma pauperis*.

**I.  Dismissal for Failure to Prosecute and Failure to Follow this Court's Order.**

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash Railroad Company, 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R.

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633.

2

Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahasse Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because

3

plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). With Plaintiff having failed to amend his Complaint or otherwise respond to this Court's Order, the Court is unable to move forward with this case. Moreover, Plaintiff was given ample time to follow the Court's directive, and Plaintiff has not made any effort to do so. Indeed, he has not taken any action in this case in nearly three months.

Thus, Plaintiff's Complaint (doc. 1) should be **DISMISSED without prejudice** for failure to prosecute and failure to follow this Court's Order, and this case should be **CLOSED**.

**II. Leave to Appeal In Forma Pauperis.**

The Court should also deny Plaintiff leave to appeal in forma pauperis. Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See FED. R. APP. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff in forma pauperis status on appeal should.

## CONCLUSION

For the above-stated reasons, it is my **RECOMMENDATION** that this action be **DISMISSED**, without prejudice, and that the Clerk of Court be directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further recommend that the Court deny Plaintiff leave to proceed *in forma pauperis* on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). Objections to a Report and Recommendation are not the proper vehicle to raise issues not previously raised. A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to

which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO REPORTED** and **RECOMMENDED**, this 4th day of December, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA